UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ROSALINDA URIAS,

    Plaintiff,

v.                                                                                  Civ. No. 15-794 MCA/GJF

SHERI LOLMAN et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' "Motion for Judgment on the Pleadings and Memorandum of Law in Support" ("Motion") [Doc. No. 21].  Plaintiff has failed to respond to Defendants' Motion.  As a consequence, and for the reasons detailed below, the Court will grant Defendants' Motion.

**I.    BACKGROUND**

For the purposes of Defendants' Motion, the Court assumes that the following facts taken from Plaintiff's Complaint are true.  Plaintiff was an employee of Defendant Bank of America ("the Bank") in Hobbs, New Mexico, until she resigned on April 24, 2010.  Pl.'s Compl. ¶ 2, Doc. No. 1-2.  Defendant Sheri Lolman was also employed by the Bank as a Regional Security Auditor.  *Id.* ¶ 2.  Ms. Lolman suspected that Plaintiff was embezzling money from the Bank, and in February 2010, investigated the matter.  During the investigation, Plaintiff was suspended from work.  Ms. Lolman was unable to prove that Plaintiff had embezzled money from the Bank and Plaintiff was permitted to return to work at the end of February 2010.  *Id.* ¶ 3.

In May 2010, Ms. Lolman concluded that Plaintiff had embezzled from the Bank.  *Id.* ¶ 4.  She provided Detective Mark Munro of the Hobbs Police Department with the documentation and video

1

surveillance supporting her conclusion. *Id.* ¶ 4-6. Specifically, Ms. Lolman provided Detective Munro with paperwork showing that:

> on March 24, 2010, [Plaintiff] signed for several Quick Business Deposit Bags at 0904 hours. One of these bags was from a Walgreen's account . . . and contained $7,350.00. This bag was signed for by [Plaintiff] but was never logged into the computer system or placed in the vault. The other deposit bags were properly input and deposited in the bank. . . . an audit [revealed that] the $7350.00 was never deposited.

*Id.* ¶ 7. Plaintiff's personal bank accounts with the Bank showed that Plaintiff deposited $7,998.17 in cash between March 29, 2010, and April 23, 2010. *Id.* ¶ 8.

Additionally, Ms. Lolman's documentation showed that "sometime after 1600 hours on Friday, April 23, 2010, [Plaintiff] transferred money from the vault to [a teller]." *Id.* ¶ 9. The document evidencing the transfer (in the sum of $7800.00) "appears" to show Plaintiff's signature. *Id.* The teller did not sign for the $7800.00 and there is no record that the money was given to the teller. The teller's register does not show a $7800.00 purchase, and the money was not returned to the vault. *Id.* Video surveillance does not show that Plaintiff moved the money, nor does it otherwise show what happened to the money. *Id.* ¶ 10.

Based on Ms. Lolman's exchange with Detective Munro, Plaintiff was charged with embezzlement, and a warrant for her arrest was issued in June 2010. *Id.* ¶ 11. Plaintiff learned of the criminal charges when a prospective employer performed a background check, and owing to the pending charges, refused to employ her. *Id.* ¶ 11. In February 2014, the charges against Plaintiff were dismissed by *nolle prosequi* by an assistant district attorney. *Id.* ¶ 12.

Plaintiff filed the instant Complaint in state court against the Bank, Ms. Lolman, and Four John/Jane Does (collectively, "Defendants") in July 2015, claiming malicious prosecution and wrongful termination. Doc. No. 1-2. Defendants removed the matter to this Court based upon diversity jurisdiction, and subsequently filed a Motion to Dismiss. *See* Doc. Nos. 3, 4, 5.

On April 12, 2016, the Court granted Defendants' Motion to Dismiss, in part, and dismissed Plaintiff's malicious prosecution claim. Order, Apr. 24, 2016, Doc. No. 13. On July 25, 2016, Defendants filed the instant Motion, seeking judgment as a matter of law on Plaintiff's sole remaining claim of wrongful termination. As stated in U.S. Magistrate Judge Gregory Fouratt's Scheduling Order [Doc. No. 20], Plaintiff had until August 25, 2016 (30 days), to file a response. Plaintiff did not do so (and, for that matter, still has not done so), and pursuant to Local Rule 7.1(b), Plaintiff is now considered to have consented to the motion. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court will grant the Motion on that ground. Additionally and alternatively, the Court will grant the instant Motion on its merits.

II.   **LEGAL STANDARD**

Rule 12(h)(2) of the Federal Rules of Civil Procedure allows parties to raise certain defenses, including the failure to state a claim upon which relief may be granted, in any pleading allowed under Rule 7(a), by a motion for judgment on the pleadings under Rule 12(c), or at trial. *See Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.,* 771 F.3d 697, 701 (10th Cir. 2014). A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6). *See Corder v. Lewis Palmer Sch. Dist. No. 38,* 566 F.3d 1219, 1223–24 (10th Cir. 2009).

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Once a claim has

been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. Although decided within an antitrust context, *Twombly* announced the pleadings standard for all civil actions. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly,* 550 U.S. at 555; *Alvarado v. KOB–TV, LLC,* 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cty. Comm'rs,* 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (emphasis added). Judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006).

**III.    ANALYSIS**

Defendants' Motion satisfies the requirements for judgment as a matter of law, even without the Court considering the consent that the Local Rules ascribe to Plaintiff's failure to respond. The Motion does so in two respects. First, the Motion properly contends that Plaintiff's claim for wrongful termination was filed well outside the New Mexico statute of limitations. Defs.' Mot. 4, Doc. No. 21. Additionally, the Motion correctly asserts that Plaintiff failed to state a wrongful termination claim for which relief can be granted. *Id.* at 5-6. Both of these grounds warrant dismissal of Plaintiff's wrongful termination claim.

### A. Plaintiff's Claim Is Time-Barred

As a threshold issue, Plaintiff's wrongful termination claim is time-barred. The limitations period for a wrongful termination claim under New Mexico law is four years. NMSA 1978 § 37-1-4; *Hill v. Cray Research, Inc.*, 864 F. Supp. 1070, 1075 (D.N.M. 1991). Plaintiff voluntarily ended her employment with the Bank on April 24, 2010. Pl.'s Compl. ¶ 2. Plaintiff filed her Complaint in state court on July 29, 2015, five years after her resignation and more than one year after the expiration of the relevant limitation. Doc. No. 1-2. By not responding to the Motion, Plaintiff has lost her opportunity to persuade the Court that there are good reasons, equitable or otherwise, that would provide relief from the statute of limitations. Consequently, Plaintiff's wrongful termination is time-barred and Defendants are entitled to judgment on that claim as a matter of law.

### B. Plaintiff Has Failed to Meet Her Pleading Burden

Additionally, Plaintiff's Complaint does not satisfy the pleading requirements of a claim for wrongful termination. As Defendants note, "Plaintiff's sole reference to a wrongful termination claim is in the *title* of her Complaint." Defs.' Mot. 5 (citation omitted) (emphasis added). Indeed, Plaintiff's own pleading makes clear that she *voluntarily* resigned from employment. Pl.'s Compl. ¶ 2. Because Plaintiff voluntarily resigned, the only "wrongful termination" claim she may assert is constructive discharge. *See Gormley v. Coca-Cola Enterprises*, 2005-NMSC-003, ¶ 9, 137 N.M. 192, 194, 109 P.3d 280, 282 ("An employee who resigns from employment must prove constructive discharge as part of establishing a wrongful termination."). To maintain a claim for constructive discharge, "an employee must allege facts sufficient to find that the employer made working conditions so intolerable, when viewed objectively, that a reasonable person would be compelled to resign. . . . [t]he bar is quite high for proving constructive discharge." *Id.*

5

Plaintiff has failed to plead facts that, if true, would establish that her working conditions were so intolerable that a reasonable person would be compelled to resign. In fact, Plaintiff mentions only two ostensibly objectionable events prior to April 24, 2010: (1) that in February 2010, Ms. Lolman was unsuccessfully investigating Plaintiff for embezzlement and threatened to have her arrested and call New Mexico Children, Youth, and Families Department ("CYFD") to have her parental rights examined; and (2) that Plaintiff was suspended from work during the investigation but was contacted to return to work around February 23 or 24, 2010, which she did with hesitation. Pl.'s Compl. ¶ 3. Plaintiff makes no mention of any intolerable working conditions from the time she returned to work in late February to the time she resigned on April 24, 2010. Viewed objectively, these facts fail to establish that on the date of her resignation Plaintiff's working conditions were so intolerable that a reasonable person would be compelled to resign. Consequently, Plaintiff has failed to state "a claim to relief that is plausible on its face" and her claim must fail. *See Twombly,* 550 U.S. at 555.

## IV.    CONCLUSION

Based on the merits of the Motion, as well as Plaintiff's implicit consent under Local Rule 7.1(b) to the granting of the Motion, the Court **HEREBY GRANTS** Defendants' Motion [Doc. No. 21].

Defendants' "Motion to Stay" [Doc. No. 23] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

_____
THE HONORABLE M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE